YESKOO HOGAN & TAMLYN, LLP
Attorneys for Plaintiff
Auto Point Ltd.
535 Fifth Avenue
New York, New York 10017
212-983-0900

FILED
CLERK
10 JAN 28 PM 4:32

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------------X

Auto Point Ltd.,

              Plaintiff,

CV 10 No. 0385

Complaint

-against-

Metropolitan Shipping Company, d/b/a
Metropolitan Shipping Logistics,
International Freight Corp.,
Ultimate Body and Transport, Inc. and
Louis Gangone,

              Defendants.

WEINSTEIN, J.

MANN, M.J.

----------------------------------------------------------------X

Plaintiff Auto Point Ltd., by its undersigned attorneys, complains against defendants as follows:

1.    Plaintiff Auto Point Ltd. is a Minnesota corporation with its principal place of business in Minnesota.

2.    Defendant Metropolitan Shipping Company, d/b/a Metropolitan Shipping Logistics ("Metropolitan"), is a New Jersey corporation with its principal place of business in New Jersey. Upon information and belief, Metropolitan is an international freight forwarder.

3.    Defendant International Freight Corp. ("International") is a New York corporation with its principal place of business in Brooklyn, New York.

Upon information and belief, International is a freight forwarder and/or shipping agent.

4. Defendant Ultimate Body and Transport, Inc. ("Ultimate") is a New York corporation with its principal place of business in Brooklyn, New York. Ultimate Body was dissolved by New York State for failure to pay taxes on October 28, 2009.

5. Defendant Louis Gangone ("Gangone") is an individual resident of Brooklyn, New York. Upon information and belief, Gangone is the shareholder and chief executive officer of Ultimate Body and is the successor to Ultimate Body's liabilities by virtue of Ultimate Body's dissolution.

6. This Court has jurisdiction over this matter under 28 USC § 1332 (a)(1) in that the matter in controversy exceeds the sum of $75,000, exclusive of interest and costs, and is between citizens of different states.

7. Venue is appropriate in this district pursuant to 28 USC §1391(b) in that a substantial part of the events or omissions giving rise to the claim occurred in this district.

8. This Court has personal jurisdiction over defendants in that Ultimate and Gangone are residents of the State of New York and Metropolitan regularly transacts business in the State of New York and transacted business with respect to the transaction at issue in the State of New York.

9. In or about May 27, 2008 Auto Point Ltd. purchased a new Mercedes GL5 automobile VIN 4JGBF86E68A417133 (the "Automobile"). The

purchase price of the automobile was approximately $90,000. A copy of its title is annexed hereto as Exhibit 1.

10. Auto Point brought the vehicle to Metropolitan to hold while Auto Point sold the car to an overseas client. Metropolitan agreed to hold the car for Auto Point. Auto Point was never able to sell the care because Metropolitan stole it. Upon information and belief, Metropolitan stole the vehicle and attempted to ship it to someone in the Country of Georgia. Upon information and belief, it used International as another freight forwarder or shipping agent for the shipment. Auto Point is either a party to Metropolitan's agreement with International or a third party beneficiary of it.

11. Upon information and belief, US Customs seized the automobile in Italy because Auto Point's title was not in the shipping documentation and returned it to International. US Customs never advised Auto Point of the return or location of the vehicle. Auto Point contacted International, informed it that it was the rightful owner of the Automobile, and demanded that the Automobile be returned to it. Instead, upon information and belief, International refused to give Auto Point any information about the receipt of the Automobile and delivered possession of it to Metropolitan.

12. Upon information and belief, Metropolitan received the automobile from International. However, Metropolitan has never acknowledged to Auto Point that it has possession of the Automobile, and has ignored Auto Point's demands to return the Automobile to it or otherwise account for the Automobile.

13. Upon information and belief, Metropolitan delivered the Automobile to Ultimate, an automobile repair and storage facility in Brooklyn, New York in late 2008. The purpose of such delivery was to hide the Automobile from Auto Point.

14. On March 23, 2009, Ultimate, through its agent Action Liens, Inc., served Auto Point with the Notice of Lien annexed hereto as Exhibit 2. Ultimate claimed that it took possession of the Automobile on October 2, 2008 and, among other things, made $6,250 in repairs to the Automobile. It claimed a total of $20,317.56 in storage and repair costs.

15. Upon information and belief, Ultimate's lien and claim for $20,317.56 was fraudulent because, among other things, Ultimate never gave notice to Auto Point Ltd. that it had received or was storing the Automobile, Ultimate had no authority to store or repair the Automobile; the Automobile was in fact not repaired; and the charges for repairs, towing and storage were falsified.

16. Auto Point immediately filed a petition pursuant to NY Lien Law section 201(a) to cancel the lien and sale. Ultimate cancelled the lien and returned the Automobile to Metropolitan. Ultimate and its principal Gangone had no authority to return the Automobile to Metropolitan, which was not its owner, and should have returned the Automobile to Auto Point, which it knew was the Automobile's owner.

17. Upon information and belief, Metropolitan either retains possession of the Automobile or has transferred it to someone other than Auto Point.

## Count One
### (Breach of Contract against Metropolitan and International)

18. Plaintiff repeats paragraphs 1 through 17.

19. Metropolitan and International have breached their agreement(s) with plaintiff to concerning the shipment of the Automobile to Auto Point's client and by failing to return the Automobile to Auto Point upon redelivery by US Customs.

20. Auto Point has complied with all conditions precedent of the agreement(s).

21. As a result of defendants' breach of the agreement(s), Plaintiff has been damaged by not less than $90,000.

## Count Two
### (Conversion against All Defendants)

22. Plaintiff repeats paragraphs 1 through 21.

23. International and Metropolitan's failure to redeliver the car to Auto Point when it was returned by US Customs and Ultimate and Gangone's failure to deliver the car to Auto Point when the repairman's lien was cancelled constitutes wrongful conversion of Auto Point's property.

24. As a result of defendants' conversion of its Automobile, Auto Point has been damaged by not less than $90,000.

WHEREFORE, plaintiff demands judgment against defendants for damages of not less than $90,000, attorneys' fees, interest, costs and such other relief as the Court deems just.

Dated: New York, NY
        January 6, 2010

                              YESKOO HOGAN & TAMLYN, LLP
                              535 Fifth Avenue
                              New York, New York 10017
                              (212) 983-0900
                              Attorneys for Plaintiff

By:    */s/ Richard C. Yeskoo*
                      Richard C. Yeskoo (RY7329)

# EXHIBIT 1

# CERTIFICATE OF TITLE FOR A MOTOR VEHICLE

| VEHICLE IDENTIFICATION NUMBER | YEAR | MAKE | MODEL/BODY | TITLE NUMBER |
|---|---|---|---|---|
| 4JGBF86E68A417133 | 08 | MERZ | 4W GLS | Y2680X001 |

| DATE ISSUED | ODOMETER | TAX BASE | CODE | PLATE NUMBER | CENTRAL OFFICE USE ONLY |
|---|---|---|---|---|---|
| 09/24/08 | 20 | 077750 | 09 | SSB487 | |

EXP 07

NO SECURITY INTERESTS   DOB   OWNER
AUTO POINT LTD

9130 OLSON MEM HWY
GOLDEN VALLEY MN 55427-4730

## ASSIGNMENT OF OWNERSHIP — BUYER(S) MUST COMPLETE THE APPLICATION ON THE BACK

ODOMETER DISCLOSURE STATEMENT. I (WE) CERTIFY THAT THE ODOMETER NOW READS _____ (NO TENTHS) MILES AND TO THE BEST OF MY KNOWLEDGE THE ODOMETER MILEAGE IS:
- ☐ ACTUAL MILEAGE
- ☐ EXCEEDS MECHANICAL LIMITS OF ODOMETER
- ☐ NOT ACTUAL MILEAGE — WARNING ODOMETER DISCREPANCY

DAMAGE DISCLOSURE STATEMENT. TO THE BEST OF MY KNOWLEDGE, THIS VEHICLE
☐ HAS   ☐ HAS NOT (CHECK ONE) SUSTAINED DAMAGE, EXCLUSIVE OF ANY COSTS TO REPAIR, REPLACE, OR REINSTALL AIR BAGS AND OTHER COMPONENTS THAT WERE REPLACED DUE TO DEPLOYMENT OF AIR BAGS, IN EXCESS OF 70% ACTUAL CASH VALUE.
POLLUTION SYSTEM DISCLOSURE STATEMENT. TO THE BEST OF MY KNOWLEDGE THE POLLUTION CONTROL SYSTEM ON THIS VEHICLE INCLUDING THE RESTRICTED GASOLINE PIPE
☐ HAS   ☐ HAS NOT BEEN REMOVED, ALTERED OR RENDERED INOPERATIVE.

SELLER'S PRINTED NAME / DATE OF SALE / BUYER'S PRINTED NAME
X
SELLER'S ADDRESS / DEALER LICENSE # / BUYER'S ADDRESS
X
SELLER'S SIGNATURE / BUYER'S SIGNATURE

IMPORTANT — PLEASE READ...

MINNESOTA DEPARTMENT OF PUBLIC SAFETY
DRIVER AND VEHICLE SERVICES DIVISION
445 MINNESOTA STREET, ST. PAUL, MINNESOTA 55101
Phone 651-297-2126   TTY 651-282-6555

PS2700-16

KEEP IN A SAFE PLACE — ANY ALTERATION OR ERASURE VOIDS THIS TITLE

---

### SELLER'S NOTICE OF SALE

When you sell this vehicle, you are responsible to file the information below with the Department of Public Safety **within 10 days**. Please file this information over the Internet at mndriveinfo.org or complete all information on this post card and submit by mail. This notice is not required if sold to a licensed dealer.

Minnesota Statute 168A.10

| Y2680X001 | 4JGBF86E68A417133 |
|---|---|
| Title Number | Vehicle Identification Number |

Date of Sale

Purchaser's Driver License Number

Purchaser's Full Name    Purchaser's Date of Birth

Street Address

City   County   State   Zip Code

**PLEASE PRINT**

### MINNESOTA MOTOR VEHICLE REGISTRATION CARD

| YR | MK | MDL |
|---|---|---|
| 08 | MERZ | 4W GLS |

VIN
4JGBF86E68A417133

GROSS VEHICLE WEIGHT/BASE VALUE   077750

| PLATE # | EXP |
|---|---|
| SSB487 | 07/31/09 |

| STICKER # | TAX |
|---|---|
| J2921352 | 981.00 |

RECORDED OWNER(S)
AUTO POINT LTD

9130 OLSON MEM HWY
GOLDEN VALLEY MN 55427-4730

# EXHIBIT 2

Mar. 26. 2009 1:24PM    Kenneth P. Traum, Esq.                                    No.2463   P. 2

Case 1:10-cv-00385-JBW-RLM   Document 1   Filed 01/28/10   Page 10 of 10 PageID #: 10




New York State Department of Motor Vehicles

## NOTICE OF LIEN AND SALE
Under Sections 184 and 201 of the Lien Law of the State of New York

TO: OWNER: **Auto Point LTD**
9130 Olson Mem Hwy
Golden Valley MN 55427

**Metropolitan Shipping Logistics**
(Name) 1160 State St Bldg 8A
Perth Amboy NJ 08861
(Address, including Apt. No.)

TO: LIENHOLDER: _____
(Name)
_____
(Address, including Apt. No.)

☐ Please check if there are additional lienholders and attach a list of their name(s) and address(es).

For titled vehicles and boats, you may obtain lien and title information by contacting the Department of Motor Vehicles, Public Services Bureau, Albany, New York 12228-0232. A fee of $5 per vehicle or boat must be sent with each request. Lienholder information on non-titled vehicles is available from the appropriate County Clerk.

Please take notice that **Ultimate Body & Transport Inc** (GARAGEMAN) hereby claims a lien on the following motor vehicle or boat now in the garageman's possession, under Section 184 of the Lien Law of the State of New York:

VEHICLE (HULL) IDENTIFICATION NUMBER **4JGBF86E68A417133**

YEAR **2008**              PLATE NUMBER (if available) _____

MAKE **ME/BE**              MODEL **4DSD**

ESTIMATED VALUE $ **45,000.00**

The nature of the lien (towing and/or daily storage charges listing the number of days and cost per day) with an itemized statement of the claim, the date it was due, and the total amount due is listed below. If repair costs are claimed, a copy of the invoice which itemizes the cost of parts and labor is attached.

| | | |
|---|---|---|
| 1st Towing | 400.00 | 10/2/08 |
| 2nd Towing | 250.00 | 10/9/08 |
| Repair | 6,250.00 | Paid by Ultimate Body |
| Storage | 12,150.00 | 10/9/08-3/19/09  162 days @ $75.00 |
| Storage Tax | 1,017.56 | |
| Legal Fee | 250.00 | |

Due Date 3/20/09

DATE ORIGINAL CLAIM WAS DUE **10/2008**             Total Amount Due $ **20,317.56**

An additional lien is claimed for storage charges from **3/20/09** (DATE) to the date of payment or sale and for charges incurred in enforcing this lien.

You may redeem this motor vehicle or boat on or before **4/2/09** (DATE) (date must be at least 10 days from the service of this notice).

Otherwise, the motor vehicle or boat will be advertised for sale at public auction on:

DATE: **April 20, 2009**
TIME: **8:30 A.M.**
PLACE: **546 Montauk Ave., Brooklyn NY 11208**
BY: **Rapid Liens Inc.**
(AUCTIONEER)

AUC # 0935881-DCA

If you dispute the validity or the amount of this lien, you are entitled to bring a court proceeding under Section 201-a of the Lien Law within 10 days of service of this Notice of Lien.

I (We), the lienor, am the garageman with respect to the motor vehicle or boat described in this Notice. To the best of my knowledge and belief, the facts stated in this notice are true, the lien claimed on said motor vehicle or boat is valid, and the debt upon which such lien is founded remains unpaid.

(GARAGEMAN'S SIGNATURE)       **546 Montauk Ave. Bklyn NY 11208**
                              (GARAGEMAN'S ADDRESS)

MV-901A (11/95)    **IMPORTANT: False statements are punishable under Section 210.45 of the Penal Law.**

03/26/2009 THU 13:15    [TX/RX NO 6566]   ☑002