**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**

|   |   |
|---|---|
| AUTO POINT LTD.,<br><br>                              Plaintiff,<br>     -against-<br><br>METROPOLITAN SHIPPING COMPANY, d/b/a<br>METROPOLITAN SHIPPING LOGISTICS,<br>INTERNATIONAL FREIGHT CORP.,<br>ULTIMATE BODY AND TRANSPORT, INC.<br>and LOUIS GANGONE,<br><br>                              Defendants. | Case No. 10 CV 0385<br>(JBW)(RLM)<br><br>**ANSWER OF DEFENDANT**<br>**I.F.C. INTERNATIONAL**<br>**FREIGHT CORP.**_____ |

Defendant I.F.C. International Freight Corp. ("IFC"), by its attorneys, Sher LLP, denies each and every allegation of the Complaint of Plaintiff Auto Point Ltd. except as follows:

1.     Denies knowledge or information sufficient to form a belief as to the allegations set forth in paragraph 1 of the Complaint.

2.     Denies knowledge or information sufficient to form a belief as to the allegations set forth in paragraph 2 of the Complaint.

3.     Admits the allegations set forth in paragraph 3 of the Complaint.

4.     Denies knowledge or information sufficient to form a belief as to the allegations set forth in paragraph 4 of the Complaint.

5.     Denies knowledge or information sufficient to form a belief as to the allegations set forth in paragraph 5 of the Complaint.

6. Denies the allegations set forth in paragraph 6 of the Complaint except states that no answer is necessary to the extent that paragraph 6 sets forth Plaintiff's arguments and legal conclusions.

7. In response to paragraph 7 of the Complaint, IFC states that no answer is necessary to the extent that paragraph 7 sets forth Plaintiff's arguments and legal conclusions.

8. Denies knowledge or information sufficient to form a belief as to the allegations set forth in paragraph 8 of the Complaint except states that no answer is necessary to the extent that paragraph 8 sets forth Plaintiff's arguments and legal conclusions.

9. Denies knowledge or information sufficient to form a belief as to the allegations set forth in paragraph 9 of the Complaint.

10. Denies knowledge or information sufficient to form a belief as to the allegations set forth in paragraph 10 of the Complaint except denies that Plaintiff is a party to or a beneficiary of any agreement between IFC and Metropolitan.

11. Denies knowledge or information sufficient to form a belief as to the allegations set forth in paragraph 11 of the Complaint except admits that U.S. Customs returned a Mercedes to IFC and admits that IFC received a request for the Mercedes from persons unknown to it and that IFC delivered the Mercedes to Metropolitan.

12. Denies knowledge or information sufficient to form a belief as to the allegations set forth in paragraph 12 of the Complaint except admits that Metropolitan received the Mercedes from IFC.

13 – 17.   Denies knowledge or information sufficient to form a belief as to the allegations set forth in paragraphs 13 through 17 of the Complaint.

18.   In response to paragraph 18 of the Complaint, IFC repeats its responses to paragraphs 1-17 of the Complaint.

19.   Denies the allegations set forth in paragraph 19 of the Complaint except denies knowledge or information sufficient to form a belief as to the allegations in paragraph 19 to the extent they relate to an alleged agreement between Plaintiff and Metropolitan.

20.   Denies the allegations set forth in paragraph 20 of the Complaint except denies knowledge or information sufficient to form a belief as to the allegations in paragraph 20 to the extent they relate to an alleged agreement between Plaintiff and Metropolitan.

21.   Denies the allegations set forth in paragraph 21 of the Complaint except denies knowledge or information sufficient to form a belief as to the allegations in paragraph 21 to the extent they relate to an alleged agreement between Plaintiff and Metropolitan.

22.   In response to paragraph 22 of the Complaint, IFC repeats its responses to paragraphs 1-21 of the Complaint.

23.   Denies the allegations set forth in paragraph 23 of the Complaint except denies knowledge or information sufficient to form a belief as to the allegations in paragraph 23 to the extent they relate to Metropolitan, Ultimate Body and Transport, Inc. and Louis Gangone.

24. Denies the allegations set forth in paragraph 24 of the Complaint except denies knowledge or information sufficient to form a belief as to the allegations in paragraph 24 to the extent they relate to Metropolitan, Ultimate Body and Transport, Inc. and Louis Gangone.

## FIRST AFFIRMATIVE DEFENSE

25. The Complaint and each claim therein fail to state a cause of action.

## SECOND AFFIRMATIVE DEFENSE

26. This court lacks subject matter jurisdiction pursuant to 28 U.S.C. 1332(a), as the amount in dispute does not exceed $75,000 in value.

## THIRD AFFIRMATIVE DEFENSE

27. Plaintiff's claims are barred by the applicable statute of limitations

## FOURTH AFFIRMATIVE DEFENSE

28. Plaintiff's claims are barred by the doctrine of laches, estoppel and waiver.

## FIFTH AFFIRMATIVE DEFENSE

29. Plaintiff sustained no damage due to any act or omission by IFC.

## SIXTH AFFIRMATIVE DEFENSE

30. Plaintiff's claims are barred by the doctrine of unclean hands.

## SEVENTH AFFIRMATIVE DEFENSE

31. Any damages sustained by Plaintiff were caused solely by the acts or omissions of parties other than IFC, or by Plaintiff itself.

## EIGHTH AFFIRMATIVE DEFENSE

32. Plaintiff's claims are barred, in whole or in part, by the statute of frauds.

### NINTH AFFIRMATIVE DEFENSE

33. Plaintiff's claims are bared, in whole or in part, by Plaintiff's material breaches of any contract that may have existed.

### TENTH AFFIRMATIVE DEFENSE

34. Plaintiff's claims are bared, in whole or in part, by Plaintiff's failure to perform one or more conditions precedent of any contract that may have existed.

### ELEVENTH AFFIRMATIVE DEFENSE

35. To the extent any of Plaintiff's claims are valid, each such claim is subject to a set off.

### TWELFTH AFFIRMATIVE DEFENSE

36. Plaintiff's claims are barred due to Plaintiff's failure to name all parties necessary to this action.

### FIRST CROSS-CLAIM
### AGAINST CO-DEFENDANT METROPOLITAN SHIPPING CO.
### (CONTRIBUTION)

37. IFC repeats its responses to each and every allegation of the Complaint as if fully set forth herein.

38. If Plaintiff sustained damages as set forth in the Complaint, then such damages were the natural and proximate consequence of acts or omissions of Defendant Metropolitan and not of IFC.

### SECOND CROSS-CLAIM
### AGAINST CO-DEFENDANT METROPOLITAN SHIPPING CO.
### (INDEMNIFICATION)

39. IFC repeats its responses to each and every allegation of the Complaint as if fully set forth herein.

40. Metropolitan expressly agreed to indemnify IFC for any liability incurred by IFC due to the actions or omissions of Metropolitan.

41. Metropolitan had an implied obligation to indemnify IFC for any liability incurred by IFC due to the actions or omissions of Metropolitan.

42. In the event that IFC is required to pay a judgment, in whole or in part, to Plaintiff, then IFC should be indemnified by Metropolitan and should be awarded a judgment against Metropolitan in an amount equal to or in excess of Plantiff's judgment against IFC.

## THIRD CROSS-CLAIM
## AGAINST CO-DEFENDANT METROPOLITAN SHIPPING CO.
### (BREACH OF CONTRACT)

43. IFC repeats its responses to each and every allegation of the Complaint as if fully set forth herein.

44. IFC and Metropolitan entered into a valid agreement relating to the booking of a container for the shipment of a Mercedes.

45. IFC performed under the agreement.

46. As part of the agreement, Metropolitan expressly or impliedly warranted that Metropolitan had the authority to possess and ship the Mercedes, to cause IFC to book a shipping container so that Metropolitan could ship the Mercedes and to cause IFC to exercise dominion over the Mercedes.

47. Upon information and belief, Metropolitan breached its agreement with IFC by breaching its warranty and by breaching the implied covenant of good faith and fair dealing.

48. Upon information and belief, IFC has suffered damages as a consequence of Metropolitan's breach.

## FOURTH CROSS-CLAIM
## AGAINST CO-DEFENDANT METROPOLITAN SHIPPING CO.
(NEGLIGENT MISREPRESENTATION)

49. IFC repeats its responses to each and every allegation of the Complaint as if fully set forth herein.

50. Metropolitan expressly or impliedly represented to IFC that it had the authority to possess and ship the Mercedes, to cause IFC to book a shipping container so that Metropolitan could ship the Mercedes and to cause IFC to exercise dominion over the Mercedes.

51. Metropolitan was aware that its representation would be relied upon by IFC to book a shipping container for Metropolitan, to receive the Mercedes from U.S. Customs, to maintain possession over the Mercedes and to deliver it to Metropolitan.

52. Metropolitan and IFC had privity of contract in connection with the booking of a shipping container for the Mercedes.

53. IFC relied on Metropolitan's representation for the purpose of booking a shipping container for Metropolitan to ship the Mercedes, receiving the Mercedes from U.S. Customs, maintaining possession of the Mercedes and delivering it to Metropolitan.

54. Metropolitan delivered the Mercedes to the shipping container booked by IFC, knowing that IFC was relying on Metropolitan's representation in order to book the shipping container.

55. Metropolitan subsequently directed IFC to maintain possession of the Mercedes and to deliver it to Metropolitan, knowing that IFC was relying on Metropolitan's representation in order to comply with these directions.

WHEREFORE, Defendant-Cross-Claimant IFC respectfully requests that judgment be entered:

a. Dismissing the Complaint and each cause of action therein, as against IFC;

b. Granting IFC damages of up to $90,000 on its cross-claims against Metropolitan;

c. Awarding IFC costs and disbursements in connection with this action;

d. Granting such other and further relief as the Court deems just and proper.


Dated: New York, New York
       March 25, 2010


                    SHER LLP

                    By:   /s/ Justin M. Sher
                         Justin M. Sher
                    41 Madison Avenue, 41st Floor
                    New York, New York 10010
                    Tel: 212.202.2600
                    E-mail: justin.sher@sherllp.com

                    *Attorneys for Defendant*
                    *I.F.C. International Freight Corp.*